UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                       Case No. 13-C-1035

    v.

CAMEO LAWE,
MENOMINEE INDIAN TRIBE OF WISCONSIN,

    Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Motion for Default Judgment having been filed by the Plaintiff on the 6th day of March, 2014, and the Court having considered the pleadings, affidavits and other documents now on file, the Court hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The defendant Cameo Lawe is wholly in default.

2. That the allegations set forth in plaintiff's complaint are proven true.

3. That the mortgaged leasehold interest pertains to the premises described as follows:

   Lot 11 Medicine Hat Addition to Legend Lake; being a part of the SE-SW, NW-SE, SW-SE, SE-SE, NE-SE, Section 18, NW-NE, Section 19, all in Township 28 North, of Range 16 East, Menominee Indian Reservation, Menominee County, Wisconsin.

   N1319 Spotted Fawn Trail
   Keshena, WI 54135

4. That notice of the pendency of this action was duly given on September 25, 2013, by filing a lis pendens in the office of the Register of Deeds for Menominee County, Wisconsin. This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

5. That on December 23, 2013, the Menominee Indian Tribe of Wisconsin ("Tribe") and the United States filed a Settlement Agreement and Stipulation to Dismiss the Menominee Indian Tribe of Wisconsin (Doc. 5); which was approved by the Court on December 31, 2013 (Doc. 7). As stated in that Order, the Tribe has waived its right of first refusal under Section 7 of its lease with defendant Cameo Lawe.

6. That no Answer was filed which raises any substantive issues of fact.

7. That there is now due to the United States the following sums:

| | |
|---|---|
| Principal Balance | $66,287.36 |
| Total Subsidy Granted | $19,698.34 |
| Late Charges | $      65.49 |
| Fees Assessed | $ 6,357.93 |
| Lis Pendens fees | $      30.00 |

8. In addition to the amounts due stated in paragraph 7, there is also due to the United States interest that is accruing daily on the debt. As of March 5, 2014, the interest accrued totaled $10,843.45. Interest continues to accrue on the note at a rate of $12.9397 per day. The total amount of interest will be calculated as of the date Judgment is ordered.

9. That, under the terms of the mortgage, plaintiff may pay any taxes, assessments, or insurance premiums accruing against the mortgaged premises that are now due or that shall become hereafter due before a sale of the mortgaged premises; and to protect and preserve the mortgaged premises, plaintiff may make payments for such repairs to the premises as may

reasonably be deemed necessary for the proper preservation thereof.  Doc. 1, Exh. C, ¶ 7.  Under the terms of the mortgage, all sums advanced by plaintiff for taxes, assessments, insurance, or necessary repairs become additional indebtedness secured by the mortgage.  *Id.*

   10. That, under the terms of the mortgage, costs and expenses incident to pursuing this foreclosure remedy may be paid out of the proceeds of a foreclosure sale.  Doc. 1, Exh. C, ¶ 23.

   11. That no other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory note and mortgage.

## CONCLUSIONS OF LAW

   1. That the plaintiff is entitled to judgment of foreclosure of the leasehold interest in the usual form as prayed for in plaintiff's complaint in accordance with the above findings of fact.

   2. That all sums advanced by plaintiff for taxes, assessments, insurance, or necessary repairs shall become additional indebtedness secured by the mortgage and may be added to the judgment by order at any time after the entry thereof.

   3. That any payments made by plaintiff for reasonable costs and expenses incurred incident to pursuing this remedy of foreclosure may be paid out of the proceeds of the foreclosure sale.

   4. That the defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be and hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the leasehold interest or any part, parcel, or portion thereof.

5. That if necessary to secure possession of said premises, the Clerk of Court, upon application by plaintiff, shall issue a writ of assistance.

6. That, pursuant to the mortgage instrument (Doc 1, Exhibit C, ¶ 24), the defendants shall not be granted a period of redemption.

7. That the leasehold interest shall be sold at public sale, and the sale shall be conducted by or under the direction of the United States Marshal for the Eastern District of Wisconsin. In accordance with 42 U.S.C. § 1479(d) and 7 C.F.R. § 3550.251(c)(3), the United States Marshal may sell, transfer, or otherwise dispose of the leasehold interest only to the Tribe, the Tribal housing authority, an eligible Tribal member, or the Rural Housing Service, which itself may only sell, transfer or otherwise dispose of the leasehold interest only to the Tribe, the Tribal housing authority, or an eligible Tribal member.

8. That the subsequent sale, transfer, or other disposition of the leasehold interest will not affect the status of the property as being held by the United States in trust for the Tribe.

9. That in accordance with the plaintiff's prayer for judgment, the plaintiff may seek a personal deficiency judgment against Cameo Lawe if the proceeds of the sale are less than the sum of money to be paid to the plaintiff.

**IT IS THEREFORE ORDERED** that foreclosure of said leasehold interest in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action.

Dated at Green Bay, Wisconsin, this   10th   day of March, 2014.

s/ William C. Griesbach
WILLIAM C. GRIESBACH, Chief Judge
United States District Court